UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN MATTHEW TUCKER,<br><br>            Plaintiff,<br>v.<br><br>CARSON CITY SHERIFF'S OFFICE,<br><br>            Defendant. | 3:20-cv-00614-RCJ-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Brian Matthew Tucker's ("Tucker"), application to proceed *in forma pauperis* (ECF No. 4), and *pro se* civil rights complaint (ECF No. 1-1).  For the reasons stated below, the court recommends that Tucker's *in forma pauperis* application (ECF No. 4) be granted, and his complaint (ECF No. 1-1) be dismissed with prejudice.

I.      *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.  "[T]he

---

[1]  This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

1

supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted).  A litigant need not "be absolutely destitute to enjoy the benefits of the statute."  *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Tucker cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 4) be granted.

## II.     SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A.  Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A complaint is frivolous when "it lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios).  *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff.  *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).  The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The complaint need not contain detailed factual allegations, but must offer more

1  than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief
2  above a speculative level." *Twombly*, 550 U.S. at 555.  Particular care is taken in reviewing
3  the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not
4  represented by counsel.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  Still, a liberal
5  construction may not be used to supply an essential element of the claim not initially pled.
6  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  If dismissal is appropriate, a *pro se*
7  plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless
8  it is clear that those deficiencies cannot be cured.  *Cato v. United States*, 70 F.3d 1103,
9  1107 (9th Cir. 1995).

**III.   SCREENING OF COMPLAINT**

Tucker brings this action pursuant to 42 U.S.C. § 1983, against Defendant Carson City Sheriff's Office.  (ECF No. 1-1.)  Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). It must also include "a demand for the relief sought. . . ."  Fed. R. Civ. P. 8(a)(3).  Here, Tucker's largely incomprehensible narrative—which is rambling and filled with incomplete sentences—makes it nearly impossible for the court to identify the factual or legal basis for his claims or the nature of his requested relief.

Tucker states no claim upon which relief may be granted, and given the vague nature of the allegations, amendment would be futile.  *See Cato*, 70 F.3d at 1106.  Therefore, it is recommended that the action be dismissed with prejudice.

**IV.   CONCLUSION**

Consistent with the above, the court finds that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).  Because amendment would be futile, the dismissal should be with prejudice.  *See Cato*, 70 F.3d at 1106.

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Tucker's application to proceed *in forma pauperis* (ECF No. 4) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Tucker's complaint (ECF No. 1-1); and,

**IT IS FURTHER RECOMMENDED** that the complaint (ECF No. 1-1) be **DISMISSED WITH PREJUDICE**.

**DATED:** January 13, 2021         .

_____
**UNITED STATES MAGISTRATE JUDGE**